THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CONDATA GLOBAL, INC., a Delaware corporation, and TNL GLOBAL, INC., a Utah corporation,<br><br>Plaintiffs,<br>v.<br><br>JACQUIE PRESSEY, an individual,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:26-cv-0348 JNP-DBP<br><br>Chief Judge Jill N. Parrish<br><br>Magistrate Judge Dustin B. Pead |

Plaintiffs move the court for additional time under Fed. R. Civ. P. 4 and 7 to extend the time for them to serve Defendant by forty-five days, and for alternative service.[1](m) and for alternative service of multiple Defendants.[2] As set forth herein, the court will grant the Motion.

**LEGAL STANDARDS**

Rule 4(f) governs service of an individual outside the United States and permits service as follows:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice [as enumerated in subsections (A)–(C)]; or

[1] Motion for Alternative Service and to Extend Time to Serve Complaint, ECF No. 12.

[2] Motion for Alternative Service and Additional Time to Serve, ECF No. 173.

(3) by other means not prohibited by international agreement, as the court orders.[3]

Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rules 4(f)(1) or (2) before seeking service under Rule 4(f)(3).[4] The key inquiry under Rule 4(f)(3) is whether the requested method of service is prohibited by international agreement, such as the Hague Convention.[5] A method of service authorized under Rule 4(f)(3) must also comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."[6]

A plaintiff must demonstrate reasonable diligence in attempting to serve a defendant to obtain leave to serve a defendant by alternative means.[7] "A determination of reasonable diligence … properly focuses on the plaintiff's efforts to locate the defendant. Relevant factors may include the number of potential defendants involved, the projected expense of searching for them, and the number and type of sources of available information regarding their possible whereabouts ...." [8]

---

[3] Fed. R. Civ. P. 4(f).

[4] *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Neck Hammock, Inc. v. Danezen.com*, 2020 WL 6364598 (D. Utah Oct. 29, 2020).

[5] *See Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.*V., 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props*., 284 F.3d at 1015 n.4; *Neck Hammock*, 2020 WL 6364598, at *5.

[6] *Neck Hammock*, 2020 WL 6364598, at *5.

[7] *Bonneville Billing v. Whatley*, 949 P.2d 768, 773, 331 Utah Adv. Rep. 63, 1997 WL 745529 (Utah Ct. App. 1997) ("the rule requires that a plaintiff demonstrate by affidavit two things before alternative service will be granted when a person's identity or address is unknown: (1) the identity or location of the person to be served is unknown, and (2) the identity or location cannot be ascertained through reasonable diligence. It is not enough for the affidavit to aver generally these two facts, but it must also state the specific efforts made to identify, locate, or serve the party.").

[8] *Commonwealth Property Advocates, LLC., v. National City Mortgage, et al*., 2010 WL 465843, *1 (D. Utah 2010) (citing to *Jackson Constr. Co., Inc. v. Marrs*, 100 P.3d 1211, 1215 (Utah 2004)).

This "reasonable diligence standard does not require a plaintiff to exhaust all possibilities to locate and serve a defendant. It does, however, require more than perfunctory performance."[9]

> The diligence to be pursued and shown by the affidavit is that which is reasonable under the circumstances and not all possible diligence which may be conceived. Nor is it that diligence which stops just short of the place where if it were continued might reasonably be expected to uncover an address or the fact of death of the person on whom service is sought.... [Reasonable diligence] is that diligence which is appropriate to accomplish the end sought and which is reasonably calculated to do so. If the end sought is the address of an out-of-state defendant it encompasses those steps most likely, under the circumstances, to accomplish that result.[10]

**DISCUSSION**

Plaintiffs move for an extension of time of forty-five days to serve Defendant, and for alternative service. On July 27, 2026, the court granted Plaintiffs' First Motion to extend service. Plaintiffs tried to serve Defendant before the September 7, 2026, deadline, but all efforts have failed. Plaintiffs provide the following in support of their motion.

- From August 8, 2026, to August 18, 2026, a process server attempted service three times at the last known address of Defendant on Roosevelt Road in Ontario, Canada. During the last attempt, the process server learned that Defendant had moved.
- On August 24, 2026, the process server completed a Skip Trace identifying a new address for Defendant on West Shore Drive in Ontario, Canada.
- From August 27, 2026, to September 2, 2026, the process server made three attempts to serve Defendant at the new West Shore address. On the first attempt the process server visited with a woman at the address who said Defendant was not home. After that attempt Plaintiffs provided the process server with a picture of Defendant, and the process server confirmed the woman who answered the door appeared to be the woman in the

[9] *Id.*

[10] *Parker v. Ross*, 217 P.2d 373, 379 (Utah 1950).

photograph. The process server then tried two more times to effectuate service at the West Shore address, and no one answered, despite there being a car with a license plate matching what appears to be Defendant's vehicle at the home.

- On September 3, 2026, Jeff Hopkins counsel for Defendant, sent an email to Plaintiffs' counsel promising forthcoming information intended for settlement purposes. Mr. Hopkins is a parter at a law firm in Ontario, Canada and sent the email from jhopkins@grosman.com.

With this backdrop of efforts to serve Defendant, Plaintiffs seek an extension of time to effectuate service and seek alternative service by (1) mailing the Complaint and summons to the West Shore address via regular mail, and (2) by emailing the Complaint and summons to Defendant's counsel at jhopkins@grossman.com. Plaintiffs assert that the Hague Service Convention expressly authorizes service by mail and Canada is a signatory to the Hague Service Convention and has not objected to service by mail.

The court is persuaded that Plaintiffs Motion should be granted. First, the court will grant an extension of time to complete service. Next, based on the record, the court finds Plaintiffs have demonstrated reasonable diligence in attempting to serve Defendant. Plaintiffs' process server has made multiple attempts at different addresses, and a woman, who is likely Defendant, sought to actively mislead the process server by claiming Defendant was not home.

The court further finds that Plaintiffs' proposed methods of alterative service comport with constitutional notions of due process as they are reasonably calculated to provide notice to Defendant and an opportunity to respond.[11] Courts have deemed regular mail sufficient to serve

[11] *See Neck Hammock*, 2020 WL 6364598, at *5.

a party.[12] And here, such service complies with the Hague Convention requirements. "Numerous courts [including this court] have determined service of process by email [also] meets constitutional due process requirements.[13] Email service upon an attorney who has already reached out to Plaintiffs on behalf of Defendant, is an appropriate form of alternative service here and other courts have recognized the viability of email service.[14] Accordingly, the court will grant Plaintiffs' Motion for Alterative Service.

## CONCLUSION AND ORDER

For the reasons set forth above, Plaintiffs' Motion for Alternative Service and to Extend Time to Serve Complaint is GRANTED.

Plaintiffs are given an additional forty-five days from the date of this order to serve Defendant.

Plaintiffs may serve Defendant via alternative means by (1) mailing the Complaint and summons to Defendants' West Shore address via regular mail, and (2) by emailing the Complaint and summons to Defendant's counsel at jhopkins@grossman.com.[15]

---

[12] *Jones v. Flowers*, 547 U.S. 220, 222, 126 S. Ct. 1708, 1711, 164 L. Ed. 2d 415, 74 (2006) ("Certified mail makes actual notice more likely only if someone is there to sign for the letter or tell the mail carrier that the address is incorrect. Regular mail can be left until the person returns home, and might increase the chances of actual notice."); *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1174, 2016 WL 8077930 (10th Cir. 2016) ("First-class mail sufficient to give notice):

[13] *Cricut, Inc. v. Shanghai Sishun E-Com. Co*., No. 2:24-CV-00747, 2025 WL 1333004, at *3 (D. Utah May 7, 2025) (citing cases). *See, e.g., Deseret Book Co. v. Nanjing Lian Yidu Trading Co.*, Ltd., No. 2:24-cv-00961, 2025 WL 252810, at *4 (authorizing email service where Defendant publicly advertised their email address and email was "likely 'the only means of effecting service of process.'"); *Tycon Sys., Inc. v. Tycon Sec. Advantage Sys. LLC*, No. 2:24-cv-350, 2024 WL 2819287, at *1 (authorizing email service and recognizing that email can be "reasonably calculated to give actual notice to the defendants.")

[14] *See, e.g., Cricut, Inc*. 2025 WL 1333004, at *3 (Authorizing alternative service including email to retained counsel, regardless of client authorization, in part because "[t]he[] attorneys have communicated with [the plaintiff]'s counsel by email and are clearly able to provide the complaints to the defendants."); *Dish Techs., L.L.C. v. Aylo Freesites Ltd*., No. 2:24-cv-00066, 2024 WL 2701601, at *2 (authorizing alternative service including email to retained counsel where there was "ample litigation history" over the same subject matter, and the Defendants "share[d] a close, collaborative working relationship.")

[15] The best practice is for Plaintiffs to use a mailing method that offers tracking information to ensure that the Complaint and summons was delivered to the West Shore address.

IT IS SO ORDERED.

DATED this 8 September 2026.

Dustin B. Pead
United States Magistrate Judge